NUMBER 13-04-103-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
CARLOS RUIZ,                                                                            Appellant,
 
v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Rodriguez, Castillo, and Garza
Opinion by Justice Garza
 
Carlos Ruiz was indicted for injury to a child, found guilty by a jury, and sentenced
to twenty-five years in prison. By a single issue on appeal, Ruiz complains that, over his
objection, the trial court submitted an erroneous definition of “reasonable doubt” in its jury
charge. The charge submitted by the trial court instructed the jury that “[i]t is not required
that the prosecution prove guilt beyond all possible doubt; it is required that the
prosecution’s proof excludes all ‘reasonable doubt’ concerning the defendant’s guilt.” 
Numerous courts of appeals in Texas have approved the same “beyond all possible doubt”
instruction because it does not constitute a definition of reasonable doubt and thus does
not run afoul of the court of criminal appeals precedent in Paulson v. State, 28 S.W.3d
570, 573 (Tex. Crim. App. 2000), which held that trial courts are not required to define
reasonable doubt and suggested that “the better practice is to give no definition of
reasonable doubt at all to the jury.”


 We reach the same conclusion and follow the
precedent of the court of criminal appeals, which has held that the inclusion of the “beyond
all possible doubt” instruction is not an abuse of discretion. See Woods v. State, 152
S.W.3d 105, 114–16 (Tex. Crim. App. 2004). Ruiz’s sole issue on appeal is therefore
overruled. See Hutch v. State, 922 S.W.2d 166, 170–71 (Tex. Crim. App. 1996) (holding
that, to succeed on issue of jury charge error, appellant must first show error exists in jury
charge). The judgment of the trial court is affirmed. 
 
 
DORI CONTRERAS GARZA,
                                                                           Justice
 
Publish. 
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 2nd day of June, 2005.